NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5520-15T3

US BANK, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY,
BUT SOLELY AS TRUSTEE FOR THE
RMAC TRUST, SERIES 2013-IT,

 Plaintiff-Respondent,

v.

HUGH GRAHAM,

 Defendant,

and

PAULETTE GRAHAM,

 Defendant-Appellant.

________________________________

 Submitted July 5, 2017 – Decided October 13, 2017

 Before Judges Nugent and Accurso.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Hunterdon County, Docket
 No. F-038744-14.

 Paulette Graham, appellant pro se.

 Pluese, Becker & Saltzman, LLC, attorneys for
 respondent (Stuart H. West, on the brief).

PER CURIAM
 In this residential mortgage foreclosure action, defendant

Paulette Graham appeals from two June 29, 2016 Chancery Division

orders. The first order denied defendant's motion to vacate the

final foreclosure judgment and dismiss the complaint. The second

order denied defendant's motion to stay a pending sheriff's sale.

 Defendant does not deny that on June 1, 2009, she defaulted

on the note the mortgage secured. Nor does she deny she remained

in default seven years later, when the Chancery Division judge

denied her motions, the orders from which she now appeals. Between

the time defendant executed the note to Alliance Mortgage Banking

Corp. on March 13, 2007, and the date plaintiff filed the

foreclosure complaint on September 16, 2014, the note and mortgage

had been assigned several times.

 Defendant did not file an answer to plaintiff's mortgage

foreclosure complaint, nor did she participate in any of the

proceedings that occurred between the date plaintiff filed the

complaint and the date the court entered the final foreclosure

judgment. Rather, following the scheduling of the sheriff's sale,

defendant filed an order to show cause seeking to vacate the final

foreclosure judgment and dismiss the complaint, or, alternatively,

to stay the sheriff's sale. Following oral argument on the order

to show cause, Judge Margaret Goodzeit delivered an oral opinion

from the bench denying defendant's motions.

 2 A-5520-15T3
 On appeal, as she did before the trial court, defendant argues

the following points:

 Point 1 – Defendant is entitled to relief
 pursuant to R. 4:50-1(C) and (F).

 Point 2 – The amount due was miscalculated.

 Point 3 – The Assignments of Mortgage are
 invalid.

 Point 4 – Plaintiff's unclean hands violate
 equitable principles.

 Point 5 – Plaintiff did not amend the
 Complaint.

 We affirm, substantially for the reasons expressed by Judge

Goodzeit in her oral opinion. We have considered defendant's

arguments in light of the record and controlling legal principles,

and we have determined her arguments are without sufficient merit

to warrant further discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 3 A-5520-15T3